# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____Allegheny_____ County

For Prothonotary Use Only:

Docket No: _____

*TIME STAMP*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** Ronald Henry

**Lead Defendant's Name:** Capital Link Management, LLC

**Are money damages requested?** [x] Yes   [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a Class Action Suit?** [x] Yes   [ ] No

**Is this an MDJ Appeal?** [ ] Yes   [x] No

**Name of Plaintiff/Appellant's Attorney:** Kevin Abramowicz

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [x] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL LINK MANAGEMENT, LLC,<br><br>    Defendant. | CIVIL DIVISION<br><br>No.<br><br>CLASS ACTION<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>Filed on behalf of Plaintiff:<br>Ronald Henry<br><br>Counsel of record for Plaintiff:<br><br>Kevin Abramowicz<br>Pa. ID No. 320659<br>Kevin Tucker<br>Pa. ID No. 312144<br>**EAST END TRIAL GROUP LLC**<br>6901 Lynn Way, Suite 215<br>Pittsburgh, PA 15208<br>Tel: (412) 223-5740<br>Fax: (412) 626-7101<br>kabramowicz@eastendtrialgroup.com<br>ktucker@eastendtrialgroup.com<br><br>*Attorneys for Plaintiff* |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>CAPITAL LINK MANAGEMENT, LLC,<br><br>　　Defendant. | CIVIL DIVISION<br><br>No.<br><br>CLASS ACTION |

**NOTICE TO DEFEND**

　　**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within **TWENTY (20)** days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

　　**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

　　**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated, | CIVIL DIVISION |
| Plaintiff, | No. |
| | CLASS ACTION |
| v. | |
| CAPITAL LINK MANAGEMENT, LLC, | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

Plaintiff Ronald Henry ("Plaintiff" or "Henry"), individually and on behalf of all others similarly situated, brings this action against Capital Link Management, LLC ("Defendant" or "Capital Link"), and alleges as follows:

**NATURE OF THE ACTION**

1. This action seeks damages, attorneys' fees, and costs against Capital Link for its violations of the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

2. The Court has subject matter jurisdiction pursuant to 42 Pa. C.S. § 931.

3. The Court has personal jurisdiction over Defendant pursuant to 42 Pa. C.S. § 5301.

4. Venue is proper pursuant to Pa. R. Civ. P. 2179 because Defendant regularly conducts business in this County.

## PARTIES

5. Henry is a person residing in Westmoreland County, Pennsylvania.

6. Capital Link is a limited liability company headquartered in Amherst, New York.

7. Capital Link helps creditors and debt buyers collect debt from consumers.

8. Capital Link uses instrumentalities of interstate commerce, such as telephone, mail, and the internet, to collect debt.

## FACTUAL ALLEGATIONS

***The Account Capital Link Attempted to Collect from Henry***

9. In 2015, Marlette Funding, LLC, d/b/a Best Egg ("Marlette"), issued a personal loan to Henry (the "Account").

10. The Account was used for personal, family, and household purposes.

11. At some point, Marlette allegedly sold the Account to a debt buyer called UHG I, LLC ("UHG").

12. At that time, the unpaid balance of the Account allegedly was $5,193.52.

13. This amount included an unpaid interest and fee balance of $413.87.

14. These interest and fees were charged at an annual percentage rate of over 21%.

15. Marlette provided documents to UHG that showed the amounts and rates of interest and fees charged on the Account.

16. After the alleged sale of the Account, UHG hired Capital Link to collect the Account from Henry.

17. UHG provided or made available to Capital Link the documents that showed the amounts and rates of interest and fees charged on the Account.

2

18. These documents showed that the Account included unpaid interest and fees charged at an annual percentage rate of over 21%.

19. Capital Link attempted to collect the full unpaid balance of the Account from Henry, including the unpaid interest and fees which were charged on the Account at an annual percentage rate of over 21%.

***Capital Link Could Not Lawfully Collect the Full Balance of the Account***

20. The Account is a personal loan of under $25,000, meaning it is governed by a law called the Consumer Discount Company Act ("CDCA").

21. The CDCA prohibits those in the business of making or buying personal loans from charging, collecting, contracting for, or receiving interest and fees that combine to exceed the interest a business can charge without a CDCA license. 7 P.S. § 6203.A.

22. UHG, the alleged purchaser of the Account, does not possess a CDCA license.

23. UHG is also not a bank or depository institution.

24. Non-bank entities that do not hold a CDCA license, like UHG, may not charge more than 6% interest without a CDCA license. 41 P.S. § 201(a).

25. That means such entities cannot charge, collect, contract for, or receive more than 6% interest on covered loans without a CDCA license. 7 P.S. § 6203.A.

26. Yet UHG allegedly bought a direct loan and Capital Link attempted to collect the full balance of the loan on behalf of UHG, even though this balance included unpaid interest and fees that were charged well in excess of 6% simple interest per year.

27. Capital Link could not lawfully collect such interest and fees from Henry because UHG did not have the authority to charge, collect, contract for, or receive such interest and fees. 41 P.S. § 201(a); 7 P.S. § 6203.A.

3

28. Capital Link regularly attempts to collect interest and fees that UHG and other debt buyers are not licensed to charge, collect, contract for, or receive.

29. On information and belief, Capital Link has no policies, practices, or procedures to screen the debt buyers for which Capital Link collects debt to determine whether such entities are permitted to charge, collect, contract for, or receive interest and fees.

***Pennsylvania Residents were Harmed by Capital Link's Conduct***

30. The rights of Henry and other similarly situated individuals were harmed by Capital Link's attempts to charge, collect, contract for, or receive interest and fees that Capital Link was not permitted by law to charge, collect, contract for, or receive.

31. As a result of Capital Link's actions, the rights of Henry and those similarly situated were violated, and Henry and the class members suffered injury in fact.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action individually and on behalf of all others similarly situated under Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure.

33. Plaintiff seeks to certify the following class: "All persons who, within the applicable statute of limitations, were: i) issued a personal consumer loan; ii) charged interest and fees that combined to exceed 6% simple interest per year; and iii) contacted by Capital Link on behalf of a debt buyer that did not hold a CDCA license."

34. Plaintiff reserves the right to expand, narrow, or otherwise modify the class as litigation continues and discovery proceeds.

35. <u>Pa. R. Civ. P. 1702(1), 1708(a)(2):</u> The class is so numerous that joinder of the class members is impracticable. Since each of the claims of the class members is substantially identical, and the class members request substantially similar relief, centralizing the class

4

members' claims in a single proceeding likely is the most manageable litigation method available.

36. <u>Pa. R. Civ. P. 1702(2), 1708(a)(1):</u> Plaintiff and the class members share numerous common questions of law and fact that will drive the resolution of the litigation and predominate over any individual issues. For example, there is a single common answer to the question of whether Capital Link could charge, collect, contract for, or receive interest and fees that aggregate in excess of 6% when collecting debt on behalf of debt buyers that do not hold a CDCA license. This question, and other common questions of law and fact, predominate over any individual issues.

37. <u>Pa. R. Civ. P. 1702(3):</u> Plaintiff's claims are typical of the claims of the class because the claims of Plaintiff and the class are based on the same legal theories and arise from the same conduct.

38. <u>Pa. R. Civ. P. 1702(4), 1709:</u> Plaintiff is an adequate representative of the class because the interests of Plaintiff and the class members align. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the class and has no interest antagonistic to the class. Plaintiff retained counsel who are competent and experienced in the prosecution of class action litigation generally and consumer finance and credit litigation specifically.

39. <u>Pa. R. Civ. P. 1708(a)(3), (6), (7):</u> Given the complexity and nature of the issues presented and the relief requested, the expense and time necessary to obtain such relief, and the anticipated recovery and relief Plaintiff and the class members may obtain, the class action mechanism is by far the preferred and most efficient litigation mechanism to adjudicate the claims of Plaintiff and the class members. Additionally, requiring Plaintiff and the class members to file individual actions would impose a crushing burden on the court system and

almost certainly lead to inconsistent judgments. Class treatment presents far fewer management difficulties and provides benefits of a single adjudication and economies of scale.

40. <u>Pa. R. Civ. P. 1708(a)(4):</u> Based on the knowledge of Plaintiff and undersigned counsel, there are no cases currently pending that address the issues or request relief for the conduct at issue in this case.

41. <u>Pa. R. Civ. P. 1708(a)(5):</u> This forum is appropriate for this litigation, as Defendant regularly conducts business in this County and part of the claims arose in this County.

## COUNT I
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692, *et seq.*

42. This claim is brought individually and on behalf of the class.

43. Plaintiff is a consumer, the Account is a debt, and Defendant is a debt collector under the FDCPA. 15 U.S.C. §§ 1692a(3), (5), (6).

44. Defendant's actions and practices described herein constitute false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, and/or unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

45. As a result of Defendant's failure to comply with the provisions of the FDCPA, and the resulting injury and harm this failure caused, Plaintiff and the class members are entitled to actual damages, statutory damages, and attorneys' fees and costs under 15 U.S.C. § 1692k.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. An order certifying the proposed class, appointing Plaintiff as representative of the proposed class, and appointing undersigned counsel as counsel for the proposed class;

b. An order awarding actual, statutory, and all other damages available by law, along with pre- and post-judgment interest;

c. An order awarding attorneys' fees and costs;

d. An order declaring Defendant's conduct unlawful;

e. An order awarding all other relief that is just, equitable, and appropriate.

Respectfully submitted,

Dated: June 23, 2021     By:   */s/ Kevin Abramowicz*
Kevin Abramowicz
Kevin W. Tucker
East End Trial Group LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: (412) 223-5740
Fax: (412) 626-7101
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com

*Attorneys for Plaintiff*

**VERIFICATION**

I, Kevin Abramowicz, attorney for Plaintiff, am fully familiar with the facts set forth in this Complaint and am authorized to make this Verification. I verify that the averments contained in this Complaint are true and correct to the best of my knowledge, information, and belief. Plaintiff's verification shall be substituted for this attorney verification upon request. I understand any false statements herein are made subject to the penalties of 18 Pa. C.S § 4904, relating to unsworn falsification to authorities.

Respectfully submitted,

Dated: June 23, 2021   By:   */s/ Kevin Abramowicz*
Kevin Abramowicz
East End Trial Group LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: (412) 223-5740
Fax: (412) 626-7101
kabramowicz@eastendtrialgroup.com

*Attorney for Plaintiff*